Magistrate Judge Brett

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>               Plaintiff, ) <br>    v.                    ) <br>                        ) <br> ERIC EUGENE LOBDELL,  ) <br>            Defendant.  ) <br>                       ) | CASE NO. MJ 15-532 <br><br> COMPLAINT for VIOLATION <br> Title 18, U.S.C. Sections 2252(a)(2) <br> and 2252(a)(4)(B) |

BEFORE the Honorable Dean Brett, United States Magistrate Judge, U. S. Courthouse, Bellingham, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (Distribution of Child Pornography)

On or about January 27th, 2015, at Clinton, within the Western District of Washington, and elsewhere, ERIC EUGENE LOBDELL did knowingly distribute, and attempt to distribute, visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such

COMPLAINT/LOBDELL- 1
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct, using any means and facility of interstate and foreign commerce and which images had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(2), (b)(1).

## COUNT 2

### (Possession of Child Pornography)

Beginning on a date unknown and continuing until on or about June 16th, 2015, at Clinton, within the Western District of Washington, ERIC EUGENE LOBDELL did knowingly possess matter that contained visual depictions, the production of which involved the use of minors, prepubescent minors, and minors under the age of twelve years engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

And the Complainant states that this Complaint is based on the following information:

I, Pauline Renick, Detective, Bellingham Police Department and also Task Force Officer, United States Department of Homeland Security, Homeland Security Investigations, being duly sworn under oath, do hereby depose and state as follows:

### I. INTRODUCTION

1. I am a Detective with the Bellingham Police Department assigned to the Internet Crimes Against Children (ICAC) Unit and have been for eighteen months. I have been employed by the Bellingham Police Department since November 1992. Before that, I was in the United States Army where I was a Military Police Officer for approximately four years and then I was a Special Agent with the United States Army

COMPLAINT/LOBDELL- 2
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Criminal Investigation Division. The Bellingham Police Department detectives division is responsible for investigating felony crimes to include sexual assaults, assaults upon children, homicides, and burglaries. I am also a Task Force Officer with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Assistant Special Agent in Charge (ASAC), Blaine, Washington, field office. I have been working with HSI as a task force officer since September 2014. HSI is responsible for enforcing the customs and immigration laws and federal criminal statutes involving the sexual exploitation of children. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251 and 2252(a).

2. I am a graduate of the Washington State Basic Law Enforcement Academy located in Burien, Washington, and the U.S. Customs Task Force Officer Training in Blaine, Washington. My training included courses in law enforcement techniques, state and federal criminal statutes, conducting criminal investigations, and the execution of search warrants. I have had the opportunity to observe and review numerous examples of child pornography as defined in 18 U.S.C. § 2256(8). As an affiliate member of the Seattle ICAC Task Force in the Western District of Washington, I work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children. I have attended periodic seminars, meetings, and trainings concerning the investigation of child exploitation crimes, including the ICAC Investigative Techniques Training Program in Alexandria, Virginia, in May 2014 and the ICAC Undercover Investigations Training Program in Alexandria, Virginia, in June 2014. I also attended the Ares Peer to Peer (P2P) file sharing program training located in Phoenix, Arizona, in March 2015, which dealt with the investigation of uploading and downloading files from one source IP addresses. I received an AA degree in Criminal Justice from Walla Walla Community College and continued taking

COMPLAINT/LOBDELL- 3
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  other courses in Criminal Justice through St. Martin's College, Lacey, Washington, and Fox Valley Technical College, Appleton, Wisconsin.

3.  I am familiar with and have participated in a variety of investigative techniques including but not limited to: surveillance, interviewing of witnesses/suspects, and the execution of search and seizure warrants that involved child exploitation and/or child pornography offenses and the search and seizure of computers and other digital devices.

4.  I make this Affidavit in support of a criminal complaint charging ERIC EUGENE LOBDELL with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(1). The facts set forth below are based on my personal knowledge, information provided to me by other law enforcement agents and witnesses, my training and experience, reports, and other evidence gathered during this investigation. I do not purport to list every fact known to me as a result of my investigation but only those I believe necessary to support a finding of probable cause.

5.  As detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that ERIC EUGENE LOBDELL has committed the violations described above. In particular, the investigation has uncovered substantial evidence that ERIC EUGENE LOBDELL possessed and distributed child pornography between January and June 2015.

## II.   P2P FILE-SHARING

6.  P2P file-sharing is a means by which individuals can communicate and share digital files and/or folders with each other over the Internet. The Internet is a means and facility of interstate commerce. An individual obtains the P2P software, which can be downloaded from the Internet, often for free, and installs it on his computer. Generally speaking, P2P file-sharing works as follows: an individual user selects files from his computer he wishes to share with other individuals running the same P2P software on their computers. Once the software is installed and files are chosen for sharing, the individual user opens the P2P software on his computer and connects with

COMPLAINT/LOBDELL- 4
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

others who are running the same P2P software on their computers. The individual user then conducts searches over the P2P network for files that other P2P network users have selected for sharing and downloads the shared files.

7. This particular investigation involved the Ares P2P file-sharing program.

### III. DETAILS OF THE INVESTIGATION

8. In January 2015, I was conducting an investigation into the sharing of child pornography files on the Ares P2P file-sharing network. The Ares network, like other P2P file sharing networks, uses file hashing to uniquely identify files on the network, and users typically locate files with keyword searches.

9. In order to identify those who may be sharing child pornography over the network, I performed several keyword searches for terms commonly used in filenames of files containing child pornography. I also did hash value searches of known or suspected images of child pornography. A hash value is an alphanumeric sequence that is unique to a specific digital file. Any identical copy of the file will have exactly the same hash value as the original but any alteration of the file, including even a change of one or two pixels, results in a different hash value. The hash value is, in essence, a unique digital fingerprint of that file, and when a match of the "fingerprint" occurs, the file also matches.

10. From these searches, I identified a computer with the IP address 24.56.218.43 as a possible source of at least one file of suspected child pornography. I was able to determine the IP address because it was displayed by the Ares program.

11. On January 27th, 2015, between 10:26 p.m. and 11:46 p.m., I successfully downloaded the following file from the computer with IP address 24.56.218.43: a four minute and seven second video titled "webcam stickcam spycam - 11y - chatzppl - vichatter mast on bed 2011.mpg."

12. I viewed this video and saw the following:

> This video shows a prepubescent female sitting in a chair with the camera focused on her genitals. She is wearing a gray shirt and underpants. The girl is seen holding her underpants to the side and masturbating. Based on the absence of pubic hair, breast development, and her stature, I estimate she is between ten and twelve years old.

COMPLAINT/LOBDELL- 5
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. The following day between 7:20 a.m. and 8:53 a.m., I downloaded another file from a computer with the same IP address as above: a six minute and ten second video file titled "9yr jenny suck little dog cock.mpg."

14. I viewed this video and saw the following:

This video shows a naked, prepubescent female lying on a bed and on her right side. The camera is mainly focused on the young girl's vaginal area. The young girl then performs oral sex on an adult male's penis. At the end of the video, the same girl is shown tied up with yellow rope and her legs spread wide apart while an adult male rubs her vagina with his fingers. Given her stature and the absence of breast development or pubic hair, I estimate the girl is between eight and eleven years old.

15. With the assistance of other agents, I determined that IP address 24.56.218.43 is registered to Wave Broadband. In response to a DHS Summons, Wave Broadband provided subscriber information associated with this IP address during the two occasions in January when I downloaded the videos described above. That response showed that this IP address was registered to LOBDELL and S.S. at a residential address in Clinton, Washington. The billing information for that account shows that the sole account holder is LOBDELL. On June 10, 2015, I obtained a warrant to search LOBDELL's home in Clinton, Washington, from U.S. Magistrate Judge Dean Brett.

16. On June 16, 2015, I served this search warrant and seized several digital devices, including LOBDELL's desktop computer, on which I have identified a large collection of images and videos showing children engaged in sexually explicit conduct.

17. During the search, I conducted an interview of LOBDELL. I advised LOBDELL of his constitutional rights, and he agreed to speak with me without an attorney present. Among other things, LOBDELL stated that he had been looking at "child pornography" his whole life and that he is aware of what it is. He acknowledged having a "foot fetish" and told me that agents would find images of feet on his computer. LOBDELL also remarked to his son, "I guess you know I'm in trouble for downloading underage girls."

COMPLAINT/LOBDELL- 6
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. As noted above, among the digital devices seized was LOBDELL's desktop computer—a Cybertron PC and the accompanying hard drive, a one TB Western Digital Hard Disk Drive. A forensic review of this computer shows that LOBDELL possessed at least 13,400 images and videos that appear to depict minors engaged in sexually explicit conduct. These include the files described above that I downloaded in January using the Ares P2P program and the two examples described below:

Filename: DSC06566.JPG

Description: This image is a prepubescent female lying on a white sheet or blanket. Her legs are spread apart exposing her genitalia. There is lack of pubic hair and breast development. There is writing on the inside of her left leg that reads "I (heart symbol) Gavin"

Filename: pthc 2012 11y girl nude totaly show (expuntitos).flv

Description: The length of the movie is: 7 min 46 sec

The female in this video appears to be approximately 7-9 years old with blond hair. She is wearing a black shirt with orange/red writing. There is a white cartoon character on the shirt as well. The female positions herself in front of the camera on a fashion that is videotaping her genitalia showing the lack of pubic hair. She uses her fingers to penetrate her vagina and her anus.

19. I know from my training and experience that Western Digital hard drives are not manufactured in Washington State.

20. In addition to these images and videos of child pornography found on LOBDELL's desktop computer, I also found numerous video and image files depicting young girls that appeared to be homemade. These included photos of children at a playground in which the camera was focused on the bottom of a young girl's skirt. I estimate the subject of the photo was between seven and nine years old. I also found dozens of photos of a girl I would estimate is between seven and nine years old wearing a pink bathing suit. Many of these photos are focused on her chest or groin. It would appear from the angle and distance that these photos were taken surreptitiously.

COMPLAINT/LOBDELL- 7
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. I also found eight photos of an individual identified as MV1. MV1 is a friend of S.S.'s daughter who had previously stayed in the home LOBDELL and S.S. shared in Clinton, Washington. At the time these photos were taken, MV1 was eleven years old. In these photos, MV1 is shown sitting on the toilet using the bathroom, and her genitals are clearly visible. S.S. confirmed the identity of MV1.

22. I also found several photos and videos of another individual, MV2. Several of the videos show LOBDELL setting up the camera in a bedroom and then MV2's entering the bedroom to dress. Others do not show the camera operator and just MV2 in a state of undress. In all of these videos, MV2 does not appear to be aware that she is being filmed. In addition to videos of MV2 dressing, I identified videos and photos that appear to have been taken while MV2 was asleep. The person operating the camera can be seen pulling MV2's sleeping shorts/underwear to the side and then filming MV2's genitals.

23. On November 9, 2015, I interviewed MV2, who is now an adult. MV2 confirmed that LOBDELL lived with her family for approximately four or five years. MV2 identified herself as the subject of the surreptitiously recorded videos and photos and stated that she had no idea she was being filmed. MV2 believes that these photos and videos would have been taken when she was between the ages of thirteen and fifteen. Some of these videos are date stamped in December 2011. Others do not possess and time and date stamp but have the same victim in the same setting as the ones mentioned above. MV2 is currently twenty years old.

24. I also found approximately thirty images of naked girls that appeared to have been taken surreptitiously in a bathroom. S.S. was able identify two of the girls, MV3 and MV4, as friends of her daughter, MV5. According to S.S. she and LOBDELL had taken all three girls to a hotel to celebrate MV5's birthday in June 2014, and the photos were taken in the bathroom of that hotel room. Also according to S.S., she had taken the girls swimming at the hotel pool while LOBDELL, who claimed to be ill, stayed in the hotel room. Finally, S.S. stated that at the time of this trip, MV3 was nine years old, MV4 was approximately ten years old, and MV5 was eleven years old.

COMPLAINT/LOBDELL- 8
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

25.     Based on the above facts, I respectfully submit that there is probable cause to believe that ERIC EUGENE LOBDELL did knowingly and intentionally distribute, and possess child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2), and 2252(a)(4)(B).

_____
Pauline Renick, Complainant
Task Force Officer, Homeland Security Investigations

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 23rd day of November, 2015.

_____
The Honorable Dean Brett
United States Magistrate Judge

COMPLAINT/LOBDELL- 9
2015R00671

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970